**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

John Joseph Godman,

        Plaintiff,

vs.                               Case No.  3:10-cv-796-J-99TJC-MCR

Shantell D. Adams, Jacksonville Sheriff's
Office,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Complaint (Docs. 1, 10) and Plaintiff's Affidavit of Indigency, which the Court construes as a Motion to Proceed In Forma Pauperis (Doc. 2).

On September 15, 2010, the undersigned entered an Order taking Plaintiff's request to proceed in forma pauperis under advisement and directing Plaintiff to file an amended complaint no later than September 28, 2010.  (Doc. 7).  Plaintiff failed to file an amended complaint and therefore, on September 29, 2010, the undersigned entered an Order to Show Cause directing Plaintiff to show cause why the case should not be dismissed for failing to comply with the Court's Order and failure to prosecute.  (Doc. 9). On October 4, 2010, Plaintiff filed an Amended Complaint.  (Doc. 10).  Upon review, the Court finds Plaintiff's Amended Complaint to be deficient.

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id. §1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. Further, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Plaintiff asserts claims against "Florida's Ethics Office," "Shanes Hospital Employees," the "Jacksonville Sheriffs's Office," and "Shanes Treatment Facility." (Doc. 1). Though rather difficult to understand, in its entirety, Plaintiff's Amended Complaint states:

> After I have filed more than 10 complaints I feel my 14th Amendment Rights are being neglected, where due process of my complaint has a dissmissial [sic] the right to complain about civil rights are rights protected by the constitution I am pro se in the circuit as in civil action my motions for connsel [sic] has been detained I fiel [sic] notice lis pendens F.S. 78.055 2009 Ch. 78.01 a writ of replevin; Respectfully I enclose information about formal complaints, in a plea for summary judgement [sic]!

(Doc. 10). The Court can discern no cause of action and no basis for jurisdiction.

In reviewing plaintiff's amended complaint, the undersigned applies "the liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, this liberal construction cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1369 (11th Cir. 1998). An in forma pauperis complaint is considered frivolous if "the plaintiff's realistic chances of ultimate success are slight." Harris v. Menendez, 817 F.2d 737, 740 (11th Cir. 1987) (internal citations omitted). If the Court determines that the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless," the complaint can be dismissed as frivolous. Neitzke, 490 U.S. at 327. Clearly baseless allegations include those which are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733 (1992).

Plaintiff's fanciful and delusional claims are factually baseless and legally frivolous. Accordingly, it is respectfully

**RECOMMENDED**:

the District Judge dismiss this case without prejudice to Plaintiff filing a paid complaint.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  12th   day of October, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Timothy J. Corrigan,
  United States District Judge

Pro Se Plaintiff